

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

January 15, 1986

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable James S. McGrath
Criminal District Attorney
P. O. Box 2553
Beaumont, Texas    77704

Opinion No. JM-421

Re: Whether a public agency may offer physical therapy services without employing a licensed therapist if such services are offered by or under the supervision of a licensed physician

Dear Mr. McGrath:

You have asked the following question:

> To what extent can a public agency offer physical therapy services without employing a licensed therapist, so long as such services are offered through a licensed physician, through direct treatment or by direction to his nursing support staff to give such treatments?

The physical therapy licensing act contains the following definition of "physical therapy":

> 'Physical therapy' means the examination, treatment, or instruction of human beings to detect, assess, prevent, correct, and alleviate physical disability and pain from injury, disease, disorders, or physical deformities and includes the administration and evaluation of tests and measurements of bodily functions and structures in aid of diagnosis or treatment; the planning, administration, evaluation, and modification of treatment and instruction, including the use of physical measures, activities, and devices for preventive and therapeutic purposes on the basis of approved test findings and the provision of consultative, educational, and advisory services for the purpose of reducing the incidence and severity of physical disability and pain. <u>Physical therapy shall also include the delegation of selective forms of treatment to supportive personnel with assumption of the responsibilities</u>

> for the care of the patient and continuing
> direction and supervision of the supportive
> personnel. The use of roentgen rays and radium
> for diagnostic and therapeutic purposes, and the
> use of electricity for surgical purposes, in-
> cluding cauterization, are not authorized under
> the term 'physical therapy' as used herein, and a
> license issued hereunder shall not authorize the
> diagnosis of diseases or the practice of medicine
> as defined by law. (Emphasis added).

V.T.C.S. art. 4512e, §1(1).

The physical therapy licensing act sets out certain prohibitions
on the practice of physical therapy:

> (a) A person may not practice or represent
> himself as able to practice physical therapy, or
> act or represent himself as being a physical
> therapist unless he is licensed under this Act.

> (b) A person may not act or represent himself
> as being a physical therapist assistant unless he
> is licensed under this Act.

Id. §7. The act, and those prohibitions, however, do not apply to

> a licensee of another state agency performing
> health-care services within the scope of the
> applicable licensing act, an occupational
> therapist who confines his practice to occupa-
> tional therapy, a certified corrective therapist
> who confines his practice to corrective therapy,
> and a speech pathologist or an audiologist who
> confines his practice to the treatment of com-
> munication disorders. . . .

Id. §6(1).

The definition of "practicing medicine" in the Medical Practice
Act clearly subsumes the practice of "physical therapy."

> (8) 'Practicing medicine.' A person shall be
> considered to be practicing medicine within this
> Act:

> (A) who shall publicly profess to be a
> physician or surgeon and shall diagnose, treat, or
> offer to treat any disease or disorder, mental or
> physical, or any physical deformity or injury by

any system or method or to effect cures thereof; or

(B) who shall diagnose, treat, or offer to treat any disease or disorder, mental or physical, or any physical deformity or injury by any system or method and to effect cures thereof and charge therefor, directly or indirectly, money or other compensation.

V.T.C.S. art. 4495b, §1.03(8). Thus, a doctor who is licensed to practice medicine in Texas can perform all the functions of a physical therapist within the scope of his medical license.

Also, a doctor can delegate certain medical acts to any qualified person:

(1) a person licensed to practice medicine shall have the authority to delegate to any qualified and properly trained person or persons acting under the physician's supervision any medical act which a reasonable and prudent physician would find is within the scope of sound medical judgment to delegate if, in the opinion of the delegating physician, the act can be properly and safely performed by the person to whom the medical act is delegated and the act is performed in its customary manner, not in violation of any other statute, and the person does not hold himself out to the public as being authorized to practice medicine. The delegating physician shall remain responsible for the medical acts of the person performing the delegated medical acts. The board may determine whether or not an act constitutes the practice of medicine, not inconsistent with this Act, and may determine whether any medical act may or may not be properly or safely delegated by physicians. . . .

V.T.C.S. 4495b, §3.06(d)(1).

The physical therapy licensing act is not applicable to "a licensee of another state agency performing health-care services within the scope of the applicable licensing act." V.T.C.S. art. 4512e, §6(1). Although a person acting under the supervision of a physician would probably not himself be a "licensee" under the Medical Practice Act, we think acts delegated by a licensed physician come within the scope of the exception to the physical therapy licensing act. Obviously, the purpose of the exception for health care workers licensed under other acts is to make clear that health care workers

who perform acts that come within the definition of "physical therapy" are not violating the law as long as their acts are authorized by the licensing act applicable to them. As long as the requirements of article 4495b, section 3.06(d)(1) are met, any person performing medical acts under the supervision of a doctor is acting within the scope of the Medical Practice Act. Therefore, a person performing medical acts that happen to constitute "physical therapy" would not be subject to the physical therapy licensing act as long as such acts are authorized by the Medical Practice Act.

Article 4495b, section 3.06(d)(1), sets out a number of requirements that must be met in order for a doctor to delegate medical acts. Consequently, the propriety of any specific instance of delegation would involve fact questions that we cannot answer.

## S U M M A R Y

A doctor may perform medical acts that come within the definition of "physical therapy" in article 4512e, section 1(1). If the requirements of article 4495(b), section 3.06(d)(1) are met, a person who is not a licensed physical therapist but who is acting under a doctor's supervision may perform medical acts that come within the definition of "physical therapy" in article 4512e, section 1(1).

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General